Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL ESPECIAL**

| | | |
|---|---|---|
| Zaidse Díaz Navarro **(Peticionaria)** Rafael E. Defendini Greo **(Recurrido)** Peticionarios Ex Parte | KLCE202500502 | ***CERTIORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo Civil Núm.: C D2019-0429 Sobre: Divorcio C.M. (Alimentos) |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera.

Rivera Colón, juez ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de mayo de 2025.

Comparece ante nos la señora Zaidse Díaz Navarro (en adelante, Sra. Díaz Navarro o peticionaria) y nos solicita la revocación de la "Resolución" emitida el 20 de marzo de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Arecibo (en lo sucesivo, TPI o foro primario). Mediante el referido dictamen, el foro primario ordenó a la Examinadora de Pensiones Alimentarias (en adelante, Examinadora) incluir el gasto de cafetería escolar de los hijos menores de las partes en el cómputo de la pensión alimentaria suplementaria.

Luego de evaluar el recurso presentado por la peticionaria, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase, Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración,

---

[1] Notificada el 7 de abril de 2025.

expedimos el auto de *Certiorari* con el fin de confirmar el dictamen recurrido, por los fundamentos que expondremos a continuación.

**I.**

La Sra. Díaz Navarro y el señor Rafael E. Defendini Greo (en lo sucesivo, Sr. Defendini Greo o recurrido) disolvieron su vínculo matrimonial mediante "Sentencia" emitida el 31 de octubre de 2019. En el referido dictamen, las partes estipularon la cantidad que el Sr. Defendini Greo estaría satisfaciendo en concepto de pensión alimentaria a favor de sus dos hijos menores de edad. Dicha cantidad fue pactada en $3,000 mensuales, que incluirían la pensión alimentaria básica, gastos de vivienda, mensualidad del colegio, cuido extendido escolar y asignaciones supervisadas.

Posteriormente, la Sra. Díaz Navarro presentó el 10 de febrero de 2023 una "Moción en Solicitud de Aumento de Pensión Alimentaria" por haber transcurrido más de tres años desde la fijación de la pensión, según dispone el Art. 19 de la "Ley Orgánica de la Administración para el Sustento de Menores", *infra.*

Tras varios incidentes procesales, la peticionaria presentó el 27 de agosto de 2024 una "Moción en Solicitud de Remedio". Adujo que, en la vista ante la Examinadora surgió controversia sobre si se debía tomar en consideración el pago de la cafetería escolar, para el cálculo de la pensión alimentaria. Expuso que, el colegio privado donde estudian los menores no provee almuerzo gratuito a los estudiantes, sino que el servicio tiene un costo semestral de $575.00 por un menor y $625.00 por otro menor. Según la peticionaria, el servicio de cafetería debía considerarse un gasto suplementario no incluido en la pensión básica, cuyo costo debía ser sufragado por el Sr. Defendini Greo, por tratarse de un gasto relacionado a la educación de los menores, según el Art. 5 (17) de las "Guías Mandatorias para Fijar y Modificar Pensiones Alimentarias", *infra.*

Añadió que, ambos padres conocían al momento de matricular los menores en el colegio del gasto adicional que conllevaba el uso de la cafetería y que, a pesar de ello, los menores ya estaban acostumbrados al servicio, dado que lo utilizaban desde que las partes estaban casadas.

El foro primario emitió el 26 de noviembre de 2024 una "Resolución en Torno a Partidas Pensión Alimentaria y Hogar Seguro". En lo pertinente, el TPI ordenó a la Examinadora incluir en el cómputo de pensión suplementaria las cuantías para cubrir los gastos del servicio de cafetería del colegio, que ascienden a $575.00 mensuales para uno de los menores y $625.00 mensuales para otro menor, por entender que era lo procedente al hacer un balance de intereses y velar por el mejor bienestar de los menores.

Inconforme con el dictamen del foro primario, el recurrido presentó el 7 de diciembre de 2024 una "Moción de Reconsideración". Arguyó que, la aportación al almuerzo escolar es parte de la obligación alimentaria ordinaria, y que el servicio de cafetería es uno voluntario, por tanto, si la peticionaria interesa utilizarlo puede pagarlo con la partida de alimentos que incluye la pensión alimentaria.

Mediante "Resolución" emitida el 20 de marzo de 2025, el TPI reconsideró su previa determinación y, en consecuencia, ordenó a la Examinadora no incluir el gasto de cafetería escolar en el cómputo de pensión alimentaria suplementaria. Razonó el foro primario que al amparo de las disposiciones de la "Ley Orgánica de la Administración para el Sustento de Menores", *infra*, y las Guías Mandatorias para Fijar y Modificar Pensiones Alimentarias", *infra*, el gasto de cafetería estaba contemplado en el cómputo de pensión básica, y no como un gasto suplementario adicional. El foro, a su vez, aclaró que el costo indicado en el dictamen anterior era semestral y no mensual.

Insatisfecha con el razonamiento del foro, la Sra. Díaz Navarro presentó su propia moción de "Reconsideración" el 3 de abril de 2025. En ésta, reiteró los argumentos ya esbozados en su "Resolución en Torno a Partidas Pensión Alimentaria y Hogar Seguro". No obstante, el TPI declaró sin lugar el petitorio mediante "Resolución" emitida el 4 de abril de 2025.

Insatisfecha aun, la peticionaria recurre ante este foro apelativo intermedio, y levanta los siguientes señalamientos de error:

> *1.     Erró el TPI al emitir una Resolución declarando Ha Lugar la Reconsideración del recurrido, a los efectos de no tomar en consideración para el cálculo de la pensión alimentaria suplementaria la cafetería escolar o Meal Plan del Colegio Privado de los Menores por no considerarlo un gasto educativo.*
>
> *2.     Erró el TPI al emitir una Resolución estableciendo que la cafetería escolar o Meal Plan del Colegio Privado de los Menores está contemplado en el cómputo de la pensión básica de los menores.*
>
> *3.     Erró el TPI l no aplicar el artículo 17 en su inciso B de las Guías Mandatorias para Fijar y Modificar Pensiones Alimentarias en Puerto Rico en donde se establece que se tomará en consideración cualquier gasto relacionado con la educación del alimentista y cualquier gasto extracurricular que propenda al desarrollo integral del menor.*
>
> *4.     Erró el TPI al establecer que por ser una cuantía adecuada el gasto educativo de la cafetería escolar debe ser contemplado como parte de la pensión alimentaria básica y no debe computarse como gasto suplementario adicional, criterio no contemplado y/o establecido en las Guías Mandatorias para Fijar y Modificar Pensiones Alimentaria en Puerto Rico.*
>
> *5.     Erró el TPI, Sala de Arecibo, en la aprensión de la prueba, ya que las determinaciones de hechos están en conflicto con el balance más racional, justiciero y jurídico de la totalidad de la prueba desfilada.*

**II.**

**A.**

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar aquellas resoluciones u órdenes interlocutorias

dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo intermedio podrá revisar órdenes o resoluciones interlocutorias dictadas por el foro primario cuando se recurra de lo siguiente: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Por su parte, nuestro Alto Foro ha expresado que, el auto de *Certiorari* constituye un vehículo procesal discrecional que permite a un Tribunal de mayor jerarquía revisar las determinaciones de un Tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Si bien el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional, al atender el recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019).

Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

*(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*

*(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*

*(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*

*(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*

*(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
*(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*

*(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

**B.**

En nuestro ordenamiento jurídico, los casos sobre alimentos de menores están revestidos del más alto interés público. *Díaz Rodríguez v. García Neris,* 208 DPR 706, 717 (2022); *Fonseca Zayas v. Rodríguez Meléndez,* 180 DPR 623, 632 (2011) citando a *Rodríguez v. Depto. Servicios Sociales,* 132 DPR 617, 629 (1993) y *López Rodríguez v. Rodríguez,* 121 DPR 23, 28 (1988). Siendo ello así, el Tribunal Supremo de Puerto Rico ha resuelto que, en nuestra jurisdicción, los menores tienen un derecho fundamental a recibir alimentos. *Rodríguez v. Depto. Servicios Sociales, supra,* en la pág. 633.

Con el fin de estatuir el referido derecho, nuestra Asamblea Legislativa reconoció el derecho tanto en el Código Civil, 31 LPRA sec. 5311 *et seq.,* como en la "Ley Orgánica de la Administración para el Sustento de Menores", 8 LPRA sec. 501, *et seq.* En esta

última, se recogieron los elementos que se deben considerar al fijar una pensión alimentaria a favor de un menor de edad.

En el Art. 19 de la "Ley Orgánica de la Administración para el Sustento de Menores" se ordenó a la Administración para el Sustento de Menores, en coordinación con la Oficina de Administración de Tribunales, a adoptar guías para establecer y modificar las pensiones alimentarias para los menores de edad. 8 LPRA sec. 518.

Ambas entidades cumplieron con su encomienda al adoptar las "Guías Mandatorias para Fijar y Modificar Pensiones Alimentarias en Puerto Rico", Reglamento Núm. 9535 del 15 de febrero de 2024, (en adelante, Guías). En su quinto artículo, las Guías precisan que los alimentos constituyen:

> *Todo lo que es indispensable para el sustento, la vivienda, la vestimenta, la recreación y la asistencia médica del alimentista, según el ingreso familiar. Los alimentos comprenden también la educación y las atenciones de previsión acomodadas a los usos y a las circunstancias del entorno familiar y los gastos extraordinarios para la atención de las condiciones personales especiales del alimentista. Art. 5 (6), Guías Mandatorias para Fijar y Modificar Pensiones Alimentarias en Puerto Rico. Id.*

El reglamento, a su vez, define la pensión alimentaria básica como la "[c]antidad monetaria que la persona no custodia debe proveer para el pago de gastos básicos en los que es necesario incurrir para la crianza del alimentista. Esta incluye aquellos gastos por concepto de alimentación, servicios públicos o utilidades, transportación, entretenimiento y vestimenta (excepto gastos de uniforme)". Art. 5 (32), Guías Mandatorias para Fijar y Modificar Pensiones Alimentarias en Puerto Rico, *Id.*

Por otro lado, establece que los gastos suplementarios componen todas las:

> *Obligaciones, desembolsos o pagos que, tanto la persona custodia como la persona no custodia, deben sufragar para satisfacer las necesidades del*

*alimentista, que no se contemplan en la pensión alimentaria básica. Incluye gastos de educación, vivienda y gastos de salud cubiertos por un plan de seguro médico. También incluye los gastos por concepto de cuido del alimentista, cuando la persona custodia se vea obligada a incurrir en los mismos para poder estudiar o ejercer una profesión u oficio. Al momento de determinar los gastos suplementarios, el juzgador deberá considerar no solo los gastos que efectivamente se pagaron, sino también aquellos que son necesarios sufragar para satisfacer todas las necesidades del alimentista. Art. 5 (16), Guías Mandatorias para Fijar y Modificar Pensiones Alimentarias en Puerto Rico. Id.*

### III.

De entrada, debemos mencionar que, de conformidad con los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* este foro apelativo intermedio se encuentra en posición de expedir el *auto.* Ante la discreción que poseemos para atender el asunto, procedemos a resolver la presente controversia. Adelantamos que, según hizo la peticionaria, estaremos discutiendo los primeros tres errores de forma conjunta.

Comenzamos nuestra discusión aclarando que, este tribunal se encuentra ante una controversia puramente de derecho por tratarse de una interpretación reglamentaria. Nos explicamos.

En esencia, la Sra. Díaz Navarro arguye que los gastos de cafetería, deben incluirse en la partida de gastos suplementarios por tratarse de gastos educativos no incluidos en la pensión alimentaria básica. Siendo ello su postura, y cónsono con lo discutido en el acápite de derecho aplicable, para resolver dicha controversia este tribunal solo tiene que examinar las definiciones provistas en las Guías. Veamos.

Los alimentos que, en este caso, un padre provee a un menor de edad incluyen no solo la comida que un niño necesita para su sustento, sino otras necesidades como vivienda, vestimenta, recreación, educación, asistencia médica, entre otros. Estas necesidades se dividen en varias categorías, una de ellas siendo la pensión alimentaria básica y otra los gastos

suplementarios. Conforme las Guías, la pensión alimentaria básica incluye los gatos por concepto de alimentación, mientras que los gastos suplementarios incluyen los gastos de educación.

Ahora, la peticionaria aduce que el costo por el servicio de cafetería debe incluirse en la partida de gastos suplementarios, pues es un servicio relacionado a la educación de sus niños por este ser provisto por la institución académica en la cual están matriculados. No podemos adoptar dicha postura. Aunque el gasto en controversia se da en un ambiente académico, lo cierto es que el servicio de cafetería provee a los menores comida, que es indiscutiblemente un gasto por concepto de alimentación, que según las Guías, forma parte de la pensión alimentaria básica. Por tanto, no erró el TPI en concluir que los gastos de cafetería no debían computarse como un gasto suplementario adicional.

Encontrándonos frente a una controversia de derecho, conforme expusimos en los párrafos anteriores, no atenderemos el cuarto error señalado por la peticionaria en el cual impugna la apreciación de la prueba según aquilatada por el foro primario.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, expedimos el auto de *Certiorari* solicitado a los fines de confirmar la "Resolución" emitida el 20 de marzo de 2025 por el Tribunal de Primera Instancia, Sala Superior de Arecibo.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones